**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| DEREK HALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. NO. 1:21-CV-728-DAE |
| v. | § | |
| | § | JURY DEMANDED |
| UiPATH, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE AND
OTHER DEFENSES TO PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

TO THE HONONORABLE DAVID A. EZRA:

Defendant UiPath, Inc. ("Defendant" or "UiPath") files its Original Answer and Affirmative and Other Defenses to Plaintiff Derek Hall's ("Plaintiff" or "Hall") First Amended Original Complaint ("Complaint").

**I.**

**INTRODUCTION**

1.1     Defendant admits that Plaintiff purports to seek "damages, attorneys' fees, taxable costs of the court, pre-judgment and postjudgment interest as a result of civilly wrongful conduct in violation of the laws of the United States and the State of Texas," but Defendant denies that it committed any violation of law or that Plaintiff is entitled to such relief.

1.2     Defendant admits that Plaintiff purports to bring this action "for damages and other legal and equitable relief for Defendant's violations of the Age Discrimination in Employment Act, as well as under the law of the State of Texas," but Defendant denies that Plaintiff is entitled to damages and other relief and denies that it violated any law.

## II.

## THE PARTIES

2.1     Defendant admits the allegations in this paragraph.

2.2     Defendant admits the allegations in this paragraph.

## III.

## JURISDICTION, VENUE AND CONDITION PRECEDENT

3.1     Defendant admits the allegations in this paragraph.

3.2     Defendant admits the allegations in this paragraph.

3.3     Defendant is without sufficient information, at this time, to admit the allegations in this paragraph.

## IV.

## FACTS

4.1     Defendant denies the first sentence in this paragraph.  Defendant lacks sufficient information to admit or deny the second and third sentences in this paragraph and therefore denies such allegations.  Defendant lacks sufficient information to admit or deny the fourth sentence in this paragraph and therefore denies it.

4.2     Defendant lacks sufficient information to admit or deny any sentence in this paragraph and therefore denies each sentence in this paragraph.

4.3     Defendant lacks sufficient information to admit or deny the first six sentences in this paragraph and therefore denies them.  Defendant denies the last sentence in this paragraph.

4.4     Defendant admits that Carmel Smith contacted Accelirate to report that she had received complaints about Plaintiff harassing UiPath employees.  Defendant denies the remaining allegations in this paragraph.

2

4.5     Defendant admits Accelirate terminated Plaintiff's employment but denies the remaining allegations in this paragraph.

4.6     Defendant denies the allegations in this paragraph.

4.7     Defendant denies the allegations in this paragraph.

4.8     Defendant denies the allegations in this paragraph.

**V.**

## CAUSES OF ACTION

5.1     Defendant incorporates its responses to Paragraphs 4.1 through 4.8.

**Retaliation under the Age Discrimination in Employment Act**

5.2     Defendant denies the allegations in this paragraph.

5.3     Defendant denies the allegations in this paragraph.

**Tortious Interference with Contractual Relations**

5.4     Defendant denies the allegations in this paragraph, except for the fact that Plaintiff was employed by Accelirate following his employment with UiPath.

**VI.**

## DAMAGES

6.1     Defendant denies the allegations in this paragraph.

6.2     Defendant denies the allegations in this paragraph.

6.3     Defendant denies the allegations in this paragraph.

6.4     Defendant denies the allegations in this paragraph.

**VII.**

## ATTORNEY'S FEES AND EXPERT FEES

7.1     Defendant denies the allegations in this paragraph.

## VIII.

## <u>JURY DEMAND</u>

8.1     Defendant admits the allegations in this paragraph.

## <u>PRAYER FOR RELIEF</u>

Defendant denies that Plaintiff is entitled to any of the relief requested in his Prayer.

## <u>DEFENDANT'S GENERAL DENIAL</u>

Unless specifically admitted herein, Defendant hereby denies each and every allegation contained in Plaintiff's First Amended Original Complaint and any supplement or amendment thereto, and hereby demands strict proof in accordance with the applicable standards.

## <u>AFFIRMATIVE AND OTHER DEFENSES</u>

Without admitting that Defendant bears the burden of proof or persuasion as to any issue, Defendant asserts the following affirmative and other defenses to Plaintiff's claims.  To the extent that any of the following defenses may be interpreted as being inconsistent, Defendant pleads such defenses in the alternative:

### FIRST DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted, including punitive damages.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because he signed a severance agreement releasing legal claims against Defendant.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because reasonable care was exercised by Defendant to prevent and correct any alleged improper action, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities.

### FOURTH DEFENSE

Defendant is entitled to an offset or credit against Plaintiff's damages, if any, based on Plaintiff's interim earnings, income, equity, stock, unemployment benefits, disability benefits, workers' compensation benefit, and/or Social Security benefits.

### FIFTH DEFENSE

Plaintiff's claims and relief may be barred by the equitable doctrines of after-acquired evidence, avoidable consequences, waiver, estoppel, laches and/or unclean hands.

### SIXTH DEFENSE

Defendant alternatively pleads that any actions taken concerning Plaintiff were done for legitimate, non-retaliatory, and non-discriminatory business reasons, and based on reasonable factors other than Plaintiff's protected activity.

### SEVENTH DEFENSE

Even if Plaintiff proves unlawful intent was a motivating factor for any employment decision or action alleged by Plaintiff, which Defendant denies, the same action would have been taken regardless of Plaintiff's protected activity.

### EIGHTH DEFENSE

If any improper, illegal or discriminatory, or retaliatory actions were taken by any of Defendant's employees against Plaintiff, which Defendant denies, it was outside the course and scope of the employee's employment, contrary to Defendant's policies and good faith efforts to comply with the law and was not ratified, confirmed, or approved by Defendant.  Thus, any such actions cannot be attributed or imputed to Defendant.

### NINTH DEFENSE

Defendant has in place policy against retaliation on the basis of any protected class and a reasonable and available procedure for handling complaints providing for prompt and effective

responsive action.  To the extent Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant or to avoid harm otherwise, Plaintiff's claims are barred.

### TENTH DEFENSE

To the extent, if any, Plaintiff complained adequately of allegedly unlawful, discriminatory, or retaliatory actions, Defendant undertook a prompt investigation and made an appropriate remedial response.

### ELEVENTH DEFENSE

Plaintiff's damages are limited by all applicable damages caps and limitations provided by law.

### TWELFTH DEFENSE

Plaintiff's claims are barred or limited to the extent Plaintiff has failed to mitigate his damages.  Consequently, Defendant is entitled to a set-off against Plaintiff's claims for damages in the amount(s) Plaintiff did or could have earned through reasonable efforts.

### THIRTEENTH DEFENSE

Plaintiff's tortious interference claim is barred or limited to the extent Plaintiff's acts or omissions caused or contributed to any harm.

### FOURTEENTH DEFENSE

Plaintiff's tortious interference claim is barred or limited under the defense of privilege because Defendant exercised its rights in good faith or had a right that was equal to or greater than that of Plaintiff with respect to the employment contract/relationship between Plaintiff and Accelirate.

**FIFTEENTH DEFENSE**

Defendant specifically denies any allegations of knowing or intentional conduct and other conduct which may form the legal basis for entitlement to the exemplary or punitive damages requested. Defendant has not acted with malice, in willful disregard for the law, with a wanton and willful disregard for or a reckless indifference to the rights of Plaintiff, or engaged in any knowing conduct which may form the basis for exemplary or punitive damages.

**SIXTEENTH DEFENSE**

Plaintiff's tortious interference claim is barred or limited under the defense of justification because Defendant exercised its own legal rights or had a good-faith claim to a colorable legal right with respect to the employment contract/relationship between Plaintiff and Accelirate.

**\*\*\***

Defendant reserves the right to plead additional defenses as appropriate.

## PRAYER

WHEREFORE, for the foregoing reasons, Defendant UiPath, Inc. respectfully requests that this Court dismiss Plaintiff Derek Hall's Complaint with prejudice, deny Plaintiff's demands and prayer for relief, award Defendant UiPath, Inc.'s costs and reasonable attorneys' fees incurred in the defense of this action, and grant such further relief to which Defendant is entitled.

Dated: March 10, 2022

Respectfully submitted,

*/s/ Charles H. Wilson*
_____
Charles H. Wilson (Attorney-in-Charge)
Texas State Bar No. 00797678
Federal I.D. No. 34581
chawilson@littler.com
**LITTLER MENDELSON**
**A PROFESSIONAL CORPORATION**
1301 McKinney Street, Suite 1900
Houston, Texas  77010
713.652.4737 (Telephone)
713.456.2481 (Telecopier)

**ATTORNEYS FOR DEFENDANT**
**UIPATH, INC.**

OF COUNSEL:

Kelli Fuqua
Texas State Bar No. 24097713
kfuqua@littler.com
**LITTLER MENDELSON**
**A PROFESSIONAL CORPORATION**
100 Congress Avenue, Suite 1400
Austin, Texas  78701
512.924.7087 (Telephone)
512.532.6501 (Facsimile)

## CERTIFICATE OF SERVICE

I do hereby certify that on the 10th day of March, 2022, a true and correct copy of the foregoing document was duly served via the Court's e-filing system, Certified Mail, Return Receipt Requested, e-mail and/or facsimile, on counsel of record as follows:

John F. Melton
Michael W. Balcezak
THE MELTON LAW FIRM, P.L.L.C.
925.Capital of Texas Hwy., Suite B225
Austin, Texas  78746
Facsimile:  512.330.0067
jmelton@jfmeltonlaw.com
michael@jfmeltonlaw.com

**ATTORNEYS FOR PLAINTIFF**
**DEREK HALL**

*/s/ Charles H. Wilson*
_____
Charles H. Wilson

4820-1530-0856.4 / 104918-1005

8