IN THE UNITED STATES COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DEREK HALL, §<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>UIPATH INC., §<br>*Defendant*. § | CASE NO.; 1:21-CV-00728-DAE |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Derek Hall and files this his Response to Defendants' Motion for Summary Judgment, and would respectfully show the Court as follows:

I.

1. **Prima facie case of retaliation**

As stated by Defendant in its motion, to establish a prima facie case of retaliation, a Plaintiff must show that (1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action; and (3) there was a causal link between the protected activity and the adverse employment action. *See Valderaz v. Lubbock Cty. Hosp. Dist.*, 611 F. App'x 816, 820 (5th Cir. 2015 (per curium).

Defendant concedes that Plaintiff has pled sufficient facts to establish the first two elements. Nevertheless, because this is not a typical retaliation case since it involves post-termination conduct, and it provides clarity to the third element, Plaintiff will elaborate further on them.

A. **Plaintiff engaged in statutorily protected activity**

As stated in paragraph 4.1 and 4.6 of Plaintiff's First Amended Complaint, Plaintiff Derek

Hall made an age discrimination complaint against Defendant on August 29, 2019. The very next day on August 30, 2019, Defendant placed Plaintiff on a performance improvement plan that had impossible sales goals to meet and gave him 30 days to meet them. Defendant did not even give Plaintiff the full 30 days to meet them and instead terminated him on September 23, 2019, only three and a half weeks after he made the age discrimination complaint.

> B. *Plaintiff suffered an adverse employment action when Defendant gave him a negative reference and was terminated by Accelirate.*

It is well established under federal law that a false or negative employment reference may qualify as an adverse employment action. "Certainly, a former employee can sue a former employer for post-employment retaliation such as giving a bad reference." *Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997); see also *Caudhill v. Farmland Indus.*, 919 F.2d 83 (8th Cir. 1999) (a person can sue a former employer for his termination by a subsequent employer if he can prove that the former employer caused his discharge for retaliatory purposes)."

"Several courts have held that a former employee...can state a valid Title VII retaliation claim based on being given negative references after engaging in protected activity." *Rasco v. Austin Indep. Sch. Dist.*, 2007 WL 1390605, at *8 (W.D.Tex. May 8, 20017; see *Matthews v. Wis. Energy Corp.*, 534 F.3d 547, 558 (7th Cir.2008); *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 178-79 (2nd Cir.2005); *Hillig v. Rumself*, 381 F.3d 1028, 1033-34 (10th Cir.2004); Hashimoto v. Dalton, 118 F.3d 671, 674 (9th Cir.1997) ("There is little question that the dissemination of adverse employment references can constitute a violation of Title VII if motivated by discriminatory intent."); see also *EEOC v. L.B. Foster Co.*, 123 F.3d 746, 754 (3d Cir.1997).

**2.    Plaintiff has sufficient facts to establish a causal link between his age discrimination complaint with Defendant and his later termination from Accelirate**

As stated in paragraph 4.1 of Plaintiff's First Amended Complaint, following his termination, Mr. Hall began employment with Accelirate, Inc. in late November, 2019.

Mr. Hall's start at Accelirate went well. He was well received and there were absolutely no complaints regarding his work. At the company Christmas party on Saturday, December 14, 2019 in Miami he was introduced as the Vice President of Sales to the entire company. See paragraph 4.2 of Plaintiff's First Amended Complaint and Exhibit 1.

The first day back to work after the Christmas party was December 16, 2019 and everything was business as usual for Mr. Hall. He corresponded multiple times with his manager, Matt Gallo, and no mention of any issues were made. However, on the afternoon of December 17, 2019 Mr. Hall received a call from Mr. Gallo informing him that his services were no longer needed and that December 17, 2019 would be his last day of employment with Accelirate. When Mr. Hall inquired as to why he was being terminated, Mr. Gallo informed him that he had received text or email messages from UiPath and that Mr. Gallo informed Mr. Hall that "it was not going to work." Mr. Gallo did not state who at UiPath had contacted him. Plaintiff later learned it was Ms. Smith. Mr. Gallo also declined to say what was said in the texts he received, but given that Mr. Hall was terminated and that UiPath represents about 90% of all Accelirate's consulting revenue, it is clear it was the text message and contacts Ms. Smith had with Accelirate that interfered with Mr. Hall's relationship with Accelirate as Mr. Gallo specifically referred to the text messages during the termination call. Id.

At the outset it is important to note that even under the standard for summary judgment, the prima facie burden is not onerous and the plaintiff must make only a minimal showing. *See Texas*

*Dep't of Community Affairs v. Burdine*, 450 U.S.248, 253 (1981); *Nichols v. Loral Vought Systems, Corp.*, 81 F.3d 38, 41 (5th Cir.1996). "[E]stablishing a causal link is not an onerous burden." *Tapia v. Michaels Stores, Inc.*, 553 F.Supp.2d 708, 714 (W.D.Tex.2008). "Close timing between an employee's protected activity and an adverse action against him may provide the 'causal connection' required to make out a prima facie case of retaliation." *Swanson v. GSA*, 110 F.3d 1180, 1188 (5th Cir.1997) (citing *Armstrong v. City of Dall.*, 997 F.2d 62, 67 (5th Cir.1993)); *McCoy v. City of Shreveport*, 492 F.3d 551, 561 n. 28 (5th Cir.2007).

It is also important to note that Defendant appears to be confused as to what Plaintiff is claiming here when it makes certain "cat's paw" arguments. Plaintiff is not necessarily claiming that Accelirate illegally retaliated against him by terminating him or that Accelirate even knew about the discrimination complaint, Plaintiff is claiming that Defendant retaliated against him by giving him a negative reference that led to his termination with Accelirate.

The evidence of causation in this case is substantial;

1. Accelirate specifically referenced text messages and emails from Defendant when it told Plaintiff he was being terminated; See Exhibit 2.

2. Plaintiff's former supervisor, Carmel Smith, knew about Plaintiff's discrimination complaint and was the one who texted and emailed Accelirate which led to his termination; See Exhibit 1 and 2.

3. Defendant has admitted that it was Carmel Smith who sent the text messages and emails to Accelirate;

4. Defendant put Plaintiff on a performance improvement plan the very next day after he made the discrimination complaint;

4

5. Defendant then gave Plaintiff impossible to meet sales goals on his 30 day performance improvement plan;

6. Even though Plaintiff was supposed to receive 30 days to meet the impossible to meet goals, Defendant terminated him before the 30 days were up;

7. Defendant got Plaintiff fired from Accelirate less than four months after he made his age discrimination complaint by making false allegations against him to his new employer.

Id. Given all of the facts above, there is sufficient facts to establish causation in this case. See, e.g., Robinson v. Shell Oil Co., 519 U.S. 337, 339, 117 S. Ct. 843, 845 (1997) (causal nexus between plaintiff's filing of EEOC charge and former employer's negative reference to prospective employer); *Allen v. Texas Dep't of Transp*., 186 F. App'x 501, 503 (5th Cir. 2006) (assessing the relevant causal nexus as between the filing of an EEOC charge and a negative employment reference)

A. Timing can establish causal connection

Close timing between the protected activity and an adverse employment action against him may provide the 'causal connection" needed to make a case for retaliation. *See Swanson v. Gen. Servs. Admin*., 110 F.3d 1180, 1188 (5th Cir.1997).

A time lapse of up to four months has been found sufficient to satisfy the causal connection for summary judgment purposes. *See Evans v. City of Houston*, 246 F.3d 344, 355 (5th Cir.2001). A showing of causal connection is not necessarily defeated by evidence that the employee engaged in protected activity for a period of time without adverse action, as long as some adverse action occurred close in time to protected activity. *See, e.g., Fabela v. Socorro Independent School Dist*., 329 F.3d 409, 417 n.9 (5th Cir. 2003); *Gee v. Principi*, 289 F.3d 342, 346-347 n.3 (5th Cir. 2002).

Here, Plaintiff was placed on a performance improvement plan one day after making the discrimination complaint, and was given a negative reference containing false allegations against him less than four months after he made the discrimination complaint. Therefore timing alone is sufficient to establish a causal connection, even if this was a motion for summary judgment as opposed to just a motion to dismiss.

B.   Circumstantial evidence can establish causal connection and pretext

Additional circumstantial evidence that may be used to establish a causal link between an employee's legally protected activity and an employer's retaliation against the employee for engaging in that legally protected activity includes: (1) knowledge of the protected activity of the decision maker, (2) expression of a negative attitude toward the employee's protected activity, (3) failure to follow company policies, (4) different treatment in comparison to similarly situated employees, and (5) evidence that the stated reason for discharge was false. *See Pittman v. Collin County, Texas,* 2010 WL 1330752 at *5 (E.D.Tex. Mar. 30, 2010 (Schell, J.).

Here, there is evidence that Carmel Smith knew of the protected activity, put him on a performance improvement plan one day after he made the discrimination complaint, gave Plaintiff only thirty days to meet impossible goals, and then even failed to give Plaintiff 30 days to meet the impossible goals and terminated him before the 30 days were up. Id.  Therefore there are additional allegations which establish a causal connection that do not even involve timing since Ms. Smith knew of the discrimination complaint and failed to even give Plaintiff 30 days to meet impossible goals set out in the performance improvement plan.

C.   Each case must be evaluated on its own merits

There are no hard and fast requirements for establishing a prima facie case, and the "prima

6

facie case method established in *McDonnell Douglas* was never intended to be rigid, mechanized, or ritualistic." *City of Austin Police Dept. v. Brown*, 96 S.W.3d 588, 596 (Tex. App.-Austin 2002, rev. dism'd), *citing United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983). Instead, "[t]he facts necessarily will vary and the specification above of the prima facie proof required from respondent is not necessarily applicable in every respect to differing factual situations." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (Title VII), *quoting McDonnell Douglas*, 411 U.S. at 802 n.13. *See also Byrd v. Roadway Express, Inc.*, 687 F.2d 85, 86 (5th Cir.1982) (§ 1981) ("[N]o single formulation of the prima facie evidence test may fairly be expected to capture the many guises in which discrimination may appear"); *Leffel v. Valley Financial Services*, 113 F.3d 787, 793 (7th Cir. 1997), *cert. denied*, 522 U.S. 968 (1997) (ADA) ("the nature of the proof giving rise to the requisite inference of discrimination cannot be reduced to a formula that will serve any and all discrimination cases"); *Grace v. Potter*, 2006 WL 1207735, at *3 n.13 (S.D. Tex. May 3, 2006) (Title VII) ("The components of a *McDonnell Douglas*-type prima facie case are variable, and do not apply to all discrimination cases across the board."). Nor does the fact that case law repeats a particular formulation mean that it is always required. *Matczak v. Frankford Candy and Chocolate Co.*, 136 F.3d 933, 939-940 (3d Cir. 1997).

The facts stated above would allow a reasonable jury to find that a causal connection existed between the discrimination complaint and the negative reference that led to Plaintiff's termination from his subsequent employer.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant's Motion for Summary Judgment be denied..

Respectfully submitted,

THE MELTON LAW FIRM, P.L.L.C.
925 S. Capital of Texas Hwy., Suite B225
Austin, Texas 78746
(512) 330-0017 Telephone
(512) 330-0067 Facsimile


/s/ John F. Melton
John F. Melton
jmelton@jfmeltonlaw.com
State Bar No. 24013155
Michael W. Balcezak
State Bar No.: 24012236
Michael@jfmeltonlaw.com

ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 15, 2023 , a true and correct copy of the above and foregoing document was served via the Court's CM/ECF electronic service to:

email:  kfuqua@littler.com
Kelli C. Fuqua
Littler Mendelson, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701


/s/ John F. Melton
John F. Melton